IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


EMMA LIGHTSEY, #238811,              :

    Plaintiff,                       :

vs.                                  :   CIVIL ACTION 15-91-WS-M

JACK MEIGS, *et al.*,                :

    Defendants.                      :


REPORT AND RECOMMENDATION


Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims either fail to state a claim upon which relief can be granted or are frivolous.

I.  Complaint. (Doc. 1).

Plaintiff indicates in her Complaint that she was convicted of murder in 2004 and received a sentence of life imprisonment, and does not have a future sentence to serve with respect to

1

another conviction.  (Doc. 1 at 3).  The Court's docket reflects
that she previously challenged her murder conviction in two
habeas petitions, which were denied.  *Lightsey v. King,* CA No.
2:07-0481-CG-C (S.D. Ala. Jan. 9, 2008), and *Lightsey v.
Albright,* CA No. 2:12-0042-KD-M (S.D. Ala. May 10, 2012).

In the present action, Plaintiff appears to be challenging
this conviction again even though she did not identify the
conviction in her allegations.  That is, in CA No. 07-2:07-0481-
CG-C, the record shows that Plaintiff was convicted of murder on
November 23, 2004 and sentenced to life imprisonment on December
20, 2004 (Doc. 11 at 1), with agents Guthrie and Bailey being
involved in criminal process (*id.* at 4, 7), and with Circuit
Court Judge Jack Meigs (Doc. 6-2 at 4) trying the case.  *See
generally* Doc. 1 at 12-14 (habeas petition).  These individuals
are also named as Defendants in the present action.

The present allegations identify as Defendants Jack Meigs,
Perry County Judge; Donald McMillian, prosecutor; John Bailey
and John Guthry, agents with the Alabama Bureau of
Investigation; and Ann Armstrong, court reporter.  (Doc. 1 at 6-
7).  The allegations against each Defendant are brief,
consisting of two pages.  (*Id.*).  Due to this brevity, the
allegations are being set out in their entirety.

2

> In Sept., 2002, John Bailey and John Guthry,
> agents for the Alabama Bureau of
> Investigation, removed, then failed to log
> in, exculpatory evidence from Plaintiff's
> home.
> Jack Meigs, Perry County judge, failed to
> recuse himself, allowed hearsay testimony,
> made unsolicited comments, about Lightsey's
> testimony, to the jury.  Increased
> Lightsey's sentence after she made a
> statement at her sentencing hearing.
> Ordered, allowed, encouraged or ignored
> changes to trial transcripts.
> Donald McMillian, Prosecutor, tainted the
> jury pool[.]
> Ann Armstrong, court reporter, deleted or
> allowed to be deleted; change or allowed to
> be changed portions of the trial and
> sentencing transcripts.

(*Id.* at 6-7).

For relief, Plaintiff requests her release or a re-trial;
damages for her lost income since her arrest; $12 million for
her twelve years of pain and suffering; reimbursement for her
legal fees, court costs, and expenses; an order requiring
Defendants to give Plaintiff a written apology for their
wrongdoings; and any additional relief the Court deems just,
proper, and equitable.  (*Id.* at 7).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the
Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. §
1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be

dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[1] A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a

---

[1]   The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

"'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966(second brackets in original).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 129 S.Ct. 1937. Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal,* 556 U.S. at 681, 129 S.Ct. at 1951.  And a *pro se* litigant "is subject to the relevant law

and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Analysis</u>.

A.   <u>Failure to State a Claim</u>.

In reviewing Plaintiff's claims, the Court finds an absence of specific facts in the description of her claims.  As pled, Plaintiff's claims appear vague and conclusory.  *See Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984) (holding that vague and conclusory claims are subject to dismissal).  In order to state a claim upon which relief can be granted under § 1983, a claim must be plausible, which is accomplished by pleading sufficient facts that allow the Court to conclude that a defendant is liable for the misconduct that violated Plaintiff's constitutional rights.  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949; *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.").  Section 1983 does not address conduct that is private conduct or conduct

6

that does not violate the Constitution or federal law.  *Id.*
(private conduct does not violate the Constitution); *Daniels v.
Williams,* 474 U.S. 327, 336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662
(1986) (negligent conduct does not violate the Constitution).
Here, Plaintiff's allegations do not rise above the speculative
level and do not have enough heft to show the pleader is
entitled to relief.  *Twombly,* 550 U.S. at 555, 557 (second
brackets in original).  For example, Defendants Bailey and
Guthry are alleged to have "failed to log in, exculpatory
evidence from Plaintiff's home." (*Id.* at 6).  The evidence is
not identified, and no explanation is provided why logging in is
important or why the nature of the evidence is exculpatory.
Thus, Plaintiff's complaint lacks plausibility.  Upon
consideration of the complaint as a whole, it is due to be
dismissed for failure to state a claim upon which relief can be
granted.

    B.  <u>Individual Defendants</u>.

        1.  <u>Defendant Circuit Court Judge Meigs</u>.

Notwithstanding this pleading failure, the Court will
examine the claims against each Defendant in order to provide an
alternate basis for the complaint's dismissal.  Turning first to
Defendant Meigs, the allegations against Defendant Meigs arise

from Plaintiff's criminal case that was before him at different stages in the criminal process, that is, pretrial, trial, sentencing, and post-trial.

In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 357, 362, 98 S.Ct. 1099, 1105, 1107, 55 L.Ed.2d 331 (1978) (internal quotation marks omitted); *Simmons v. Conger,* 86 F.3d 1080, 1084-85 (11th Cir. 1996); *Scott v. Hayes,* 719 F.2d 1562, 1563 (11th Cir. 1983).  A judge is entitled to this immunity even though the act he undertook "was in error, was done maliciously, or was in excess of [his] authority." *Stump,* 435 U.S. at 356, 98 S.Ct at 1105.  Absolute judicial immunity ensures "that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself," *id.* at 355, 98 S.Ct. at 1104 (internal quotation marks omitted), which is a "principle of the highest importance to the proper administration of justice[.]"  *Id.* (internal quotation marks omitted).

Defendant Meigs is a judge for the Circuit Court of Perry

8

County, Alabama.[2]  Plaintiff dealt with Defendant Meigs in his judicial capacity because entering rulings in Plaintiff's criminal case, conducting a criminal trial, imposing sentence, and commencing the appeal process are acts typically performed by a judge.  Moreover, an Alabama circuit court has "exclusive original jurisdiction of all felony prosecutions[.]"  ALA. CODE § 12-11-30(2).  And, according to the Alabama Court of Criminal Appeals' opinion filed in *Lightsey v. King,* CA No. 2:07-481-CG-C (S.D. Ala. Jan. 9, 2008) (Doc. 6-1), Plaintiff was convicted of murder in violation of Alabama Code § 13A-6-2, which is a felony.  ALA. CODE § 13A-6-2 (1975).  Thus, it is clear that Defendant Meigs was acting within his jurisdiction and was dealing with Plaintiff in his judicial capacity.  Defendant Meigs is therefore entitled to absolute judicial immunity from any damages claim because both prongs of the *Stump* test are satisfied, and he is due to have the damages claims against him dismissed as frivolous.  *Simmons,* 86 F.3d at 1084-85.

      2.  <u>Defendant Prosecutor McMillian</u>.

Defendant McMillian, as the prosecutor, is alleged to have "tainted the jury pool."  (Doc. 1 at 7).  No information is

---

    2 *Finova Capital Corp. v. College City Drugs, Inc.,* 885 So.2d 811 (Ala. Civ App. 2004).

9

offered showing how this conclusion was reached.  In other words, no facts were alleged in order to state a claim. However, a prosecutor is entitled to absolute prosecutorial immunity from damages in a § 1983 action for performing his function as an advocate for the government.  *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).  He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process."  *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986).  This immunity encompasses acts or omissions associated "with the judicial phase of the criminal process", in particular, those taken in initiating a prosecution and in presenting the government's case.  *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985); *Fullman,* 739 F.2d at 558-59.

In the action at hand, Defendant McMillian's actions took place during the judicial phase of the criminal process in that the jury pool is involved.  Accordingly, Defendant McMillian is due to be granted absolute immunity from damages, and the damages claim against him is due to be dismissed with prejudice as frivolous.  *Imbler,* 424 U.S. at 430-31, 96 S.Ct. at 995.

10

3. <u>Defendant Court Reporter Armstrong</u>.

Plaintiff claims that Defendant Armstrong "deleted or allowed to be deleted [and] changed or allowed to be changed portions of the trial and sentencing transcript."  (Doc. 1).  A court reporter, however, is entitled to absolute quasi-judicial immunity from damages when acting pursuant to a judge's orders. *Roland v. Phillips,* 19 F.3d 552, 556 n.4 (11th Cir. 1994).  In the present action, considering the allegation against Defendant Meigs that he ordered changes in the transcript and the vagueness of the allegations against Defendant Armstrong, Defendant Armstrong may be entitled to absolute quasi-immunity from damages if she acted pursuant to an order, which cannot be determined due to manner in which claims have been pled.

In the alternative, if Defendant Armstrong was not acting pursuant to Defendant Meigs's order, the claim against her fails to state a claim upon which relief can be granted.  The allegation against her is vague and conclusory.  That is, no facts are alleged that would show that the claim against her is plausible and that the claim demonstrates a violation of Plaintiff's constitutional rights.  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949; *Sullivan,* 526 U.S. at 49-50, 119 S.Ct. at 985. For this reason, Defendant Armstrong is due to be dismissed

11

without prejudice for Plaintiff's failure to state a claim against her.

    4.  <u>Defendants Agents Bailey and Guthry</u>.

Defendants Bailey and Guthry are alleged to have "removed, then failed to log in[] exculpatory evidence from Plaintiff's home." (*Id.* at 6).  This allegation does not identify the evidence, and indicate why it was exculpatory and was a violation of Plaintiff's constitutional rights.  This claim against Defendants Bailey and Guthry is vague and conclusory and, therefore, lacks plausibility.  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949; *Sullivan,* 526 U.S. at 49-50, 119 S.Ct. at 985. Accordingly, Plaintiff failed to state a claim upon which relief can be granted against Defendants Bailey and Guthry, and they are due to be dismissed without prejudice.  *See Fullman, supra.*

    C. <u>Request for Release or Retrial</u>.

In addition to a request for damages in this § 1983 action, Plaintiff requests to be released or to be retried.  (Doc. 1 at 7).  This type of injunctive relief is not available in a § 1983.  Rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  *Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (quoting *Preiser v.*

*Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).
"[T]he essence of habeas corpus is an attack by a person in
custody upon the legality of that custody, and that the
traditional function of the writ is to secure release from
illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93
S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973).  A habeas claim seeking
release based on a challenge to the fact of confinement is
simply not recognized under § 1983.  *Heck v. Humphrey,* 512 U.S.
477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) (relying
on *Preiser, supra*).  Similarly, a request for retrial is a
challenge to her conviction, which is not available in a § 1983
action.  *Powell v. Weaver,* 235 F.3d 1341, at *1 (5th Cir. 2000)
(unpublished).  Accordingly, Plaintiff's request for release and
for a retrial in this § 1983 action is frivolous as a matter of
law and is due to be dismissed with prejudice.

    D.  <u>Request for a Written Apology</u>.

    Plaintiff requested an order directing "Defendants to issue
to Plaintiff a written statement of the their wrong doings along
with an apology." (Doc. 1 at 7).  The Court, however, does not
have the authority to issue this type of injunctive relief.
*Walker v. Iske,* No. 8:12-cv-1539-T-30AEP, 2012 WL 5341380, at *2
(M.D. Fla. Oct. 29, 2012) (citing to *Woodruff v. Ohman,* 29 F.

App'x 337, 346 (6th Cir. 2002) (unpublished); *Devonish v. Atlantic Cnty. Justice Facility,* CA No. 10-1866 (JBS), 2010 WL 3024858 (D.N.J. July 29, 2010) (unpublished)); *Fiore v. Secular,* No. 8:09-cv-999-T-17EAJ, 2009 WL 1587119, at *3 (M.D. Fla. June 5, 2009)(unpublished); *Hall v. Alabama,* No. 2:09-cv-342-MHT-WO, 2010 WL 582076, at *10 (M.D. Ala. Feb. 18, 2010) (unpublished).[3] Therefore, this request for injunctive relief is frivolous and is due to be dismissed.

    E.   <u>Application of *Heck v. Humphrey*</u>.

    Another alternate basis exists for the dismissal of the damages claims in this action, the decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, a prisoner filed a § 1983 damages action against the prosecutors and an investigator in his criminal case for their actions that resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which had as a required element that the accused prove the termination of the prior criminal proceeding for the accused. *Id.* at 484, 114 S.Ct. at 2371. The *Heck* Court opined:

---

[3] Plaintiff's other requests for relief – Defendants ordered "to pay all of Plaintiff's legal fees, court costs and expenses [and] any additional relief this court deems just proper and equitable" – are without legal merit in light of this Report and Recommendation. (Doc. 1 at 7).

We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed (footnote omitted), in the absence of some other bar to the suit (footnote omitted).

*Id.* at 486-87, 114 S.Ct. at 2372-73.

15

The *Heck* bar prevents claims from proceeding "'if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[,]' . . . . [or if the plaintiff ] must negate 'an element of the offense of which he has been convicted' in order to prevail." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Heck*, 512 U.S. at 487 & n.6, 114 S.Ct. at 2372 & n.6).

On the other hand, the decision in *Heck* does not necessarily bar a claim for an unlawful search. *Heck,* 512 U.S. at 487 n.7, 114 S.Ct. at 2372 n.7; *Bell v. Hutsell*, No. 7:09-cv-152 (HL), 2011 WL 1230891, at *2 (M.D. Ga. Mar. 30, 2011) (citing *Hughes,* 350 F.3d at 1160-61). "Because an illegal ... arrest may be followed by a valid conviction, ... a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction." *Hughes*, 350 F.3d at 1160. But in order to recover compensatory damages on such a claim "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . . , which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck,* 512 U.S. at 487 n.7, 114 S.Ct. at 2373 n.7 (citation omitted).

16

Thus, it appears from Plaintiff's allegations that she is attempting to invalidate her murder conviction in this § 1983 action.  The Court can only make a general conclusion because Plaintiff's allegations are vague and conclusory and lacking in specific facts.  To the extent, that a damages claim would invalidate her conviction if the Court would rule favorably on it, the decision in *Heck* would bar that claim from proceeding as no showing has been made that Plaintiff's murder conviction has been previously invalidated in a manner prescribed by *Heck*.  Inasmuch as Plaintiff is still in prison apparently serving her sentence on her murder conviction, as there is no indication that she has another sentence to serve, and there is no evidence of a decision invalidating her conviction, the Court concludes that Plaintiff will not be able to show that her murder conviction has been invalidated.  On the other hand, if a claim would not invalidate Plaintiff's conviction, then such a claim may proceed absent another bar.[4]  *See Id.* at 487 & n.7, 114 S.Ct.

---

[4]  As pled, the Court is unable to determine if plaintiff has a claim that if the Court were to rule favorably on it, her conviction would not be invalidated.  For example, Plaintiff mentions that on September, 2002, Defendants Bailey and Guthry "removed, then failed to log in, exculpatory evidence from Plaintiff's home."  (Doc. 1 at 6).  The nature of this claim and its impact on Plaintiff's conviction are not able to be determined because the lack of facts makes it vague and unable to impart notice to a Defendant or the Court.  But if it could

17

at 2372-73 & n.7 (recognizing situations where a favorable
ruling on a claim based on an unreasonable search and seizure
may not invalidate an outstanding criminal conviction).
Accordingly, Plaintiff's damages claims that would invalidate
her conviction if the Court were to rule favorably on them are
due to be dismissed with prejudice as frivolous.  *Abella*, 63
F.3d at 1065 (dismissing with prejudice the claims that are
barred by *Heck*).  In light of this holding based on *Heck* barring
the damages claims and the above holding finding the claims for
injunctive relief to be frivolous, these holdings serve as an
alternate basis for the dismissal of the entire action.

IV.  <u>Conclusion</u>.

---

be determined that this claim would not undermine Plaintiff's
conviction if the Court were to rule favorably on it, this claim
would not be able to proceed because the two-year statute of
limitations would bar it.  That is, in Alabama a claim for
relief under § 1983 must be filed within two years from when the
claim arose.  *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th
Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).
Inasmuch as this claim appears to have arisen in 2002, and the
present complaint was filed on February 19, 2015, well beyond
two years from 2002, this claim is barred by the statute of
limitations and is subject to dismissal.  *Clark v. Georgia
Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990)
(dismissed as frivolous)*; cf. Bock,* 549 U.S. at 215, 127 S.Ct.
at 920-21 (dismissed for failure to state a claim).

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims either fail to state a claim upon which relief can be granted or are frivolous.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th

19

Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 10th day of June, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE